956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Blair BANISTER, Defendant-Appellant.
 No. 90-50688.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1992.
Decided March 13, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo a district court's denial of a motion to suppress. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988).
 
 
 3
 Payton v. New York, 445 U.S. 573 (1980), established that warrantless arrests inside defendants' homes generally violate the fourth amendment. Banister contends that his arrest was unlawful under Payton. Even if we assume, without deciding, that Banister's arrest violated the Payton rule, that assumption does not aid Banister on this appeal. In New York v. Harris, the Supreme Court held that prosecutors are not barred by the exclusionary rule from admitting into evidence statements made outside the defendant's home by a defendant who was illegally arrested without a warrant inside his home. 110 S.Ct. 1640, 1644-45 (1990). The Court reached this conclusion by interpreting Payton as being "designed to protect the physical integrity of the home; it was not intended to grant criminal suspects ... protection for statements made outside their premises where the police have probable cause to arrest the suspect for committing the crime." Harris, 110 S.Ct. at 1643. Thus, an illegal warrantless arrest in a defendant's home does not render unlawful continued custody of the defendant (assuming probable cause exists[1] ), and any evidence produced by the continued custody need not be excluded. Only evidence produced or tainted by the illegal arrest must be excluded. See id. at 1643-44. Compare Minnesota v. Olson, 110 S.Ct. 1684, 1687 & n. 2 (1990) (statements tainted by the illegal arrest must be excluded).[2] See also United States v. Duchi, 944 F.2d 391, 395 (8th Cir.1991) (Harris governs evidence "whether testimonial or tangible").
 
 
 4
 The essential question here is whether the motorcycle key[3] was " 'come at by exploitation' of ... the defendant's Fourth Amendment rights." Harris, 110 S.Ct. at 1644 (quoting United States v. Crews, 445 U.S. 463, 471 (1980)). The motorcycle key at issue here could and would have been lawfully discovered had the officers arrested Banister on the street. In fact, the discovery would have occurred in the identical manner: an inventory search of Banister at the police station.[4] The assumed illegality of the arrest was incidental to the discovery of the evidence. Thus, the deterrent effect of excluding the key would not serve the purpose underlying Payton: protecting the integrity of the home. The motorcycle key was not the product of the assumed illegal warrantless arrest.
 
 
 5
 We conclude that the district court did not err by denying Banister's motion to suppress the motorcycle key.[5]
 
 II. The Prosecutor's Closing Argument
 
 6
 The prosecutor was entitled to comment on Banister's failure to present witnesses so long as the comment was not phrased in a manner that called attention to Banister's failure to testify. United States v. Passaro, 624 F.2d 938, 944 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981). The prosecutor's closing argument made no reference either to Banister or to his failure to testify. The prosecutor merely commented on the defense's failure to call witnesses to rebut the identification of Banister. The prosecutor's comment on the failure of the defense, as opposed to the defendant, to counter or explain testimony presented or evidence introduced was not an infringement of Banister's fifth amendment privilege. United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988); accord United States v. Fleishman, 684 F.2d 1329, 1343-44 (9th Cir.), cert. denied, 459 U.S. 1044 (1982). The jury could not reasonably have taken this comment to be a reference to Banister's failure to testify, Castillo, 886 F.2d at 1083 (test is whether the jury would naturally and necessarily take the comment to be a reference to the defendant's failure to testify), particularly after the court gave a clear curative instruction. United States v. Soulard, 730 F.2d 1292, 1307 (9th Cir.1984). We conclude that the prosecutor's closing argument did not violate Banister's fifth amendment privilege.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Banister's brief did not dispute the existence of probable cause for his arrest. Although counsel at oral argument attempted to contest probable cause, we conclude that the issue was waived. Nilsser, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1547-48 (9th Cir.1988); Fed.R.App.P. 28(a)(4)
 
 
 [2]
 The Olson Court expressly declined to apply Harris because the state conceded that the statements at issue were tainted by the illegal arrest. 110 S.Ct. at 1687 n. 2
 
 
 [3]
 The suppression motion also sought to suppress Banister's statement giving a false name to the police. That statement, however, was ruled inadmissible at trial. The district court's refusal to suppress the statement therefore is not before us
 
 
 [4]
 The parties stipulated that the key was obtained during an inventory search of Banister's person
 
 
 [5]
 In light of our conclusion, we need not decide whether Banister has standing to challenge the warrantless entry into Apartment 206 or whether exigent circumstances existed which justified the warrantless entry